UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-349-FL
No. 5:14-CV-11-FL

**Nathaniel Teague Massey**,

      Petitioner,

v.            **Order & Memorandum & Recommendation**

**United States of America**,

      Respondent.

  Petitioner Nathaniel Teague Massey, proceeding under 28 U.S.C. § 2255, seeks to vacate the 113 month sentence of imprisonment imposed in connection with his guilty plea to possession with intent to distribute a quantity of cocaine base ("Motion to Vacate"). Massey argues that he is entitled to Section 2255 relief because his counsel (1) failed to investigate his background and prior offenses; (2) failed to inform him of the affirmative defense of simple possession; and (3) induced him to plead guilty by giving him erroneous advice regarding Section 851 enhancements. The Government contends that Massey's motion should be dismissed for failure to state a claim upon which relief may be granted. Massey also seeks to supplement his motion with additional evidence and to compel discovery on matters related to North Carolina state lab misconduct. The Government does not respond to these motions.

  After reviewing the docket and the arguments of the parties, the court determines that Massey is entitled to supplement his Section 2255 petition. However, he is not entitled to discovery because he does not show good cause. Additionally, it appears that Massey is not entitled to relief under Section 2255 because his counsel's actions were reasonable and not

prejudicial, and his guilty plea was voluntarily made. Therefore, the undersigned grants[1] Massey's Motion to Supplement (D.E. 53) and denies his Motion to Compel Discovery (D.E. 54). Furthermore, the undersigned recommends that the court deny Massey's Motion to Vacate (D.E. 34), and grant the Government's Motion to Dismiss (D.E. 42).

**I.     Background**

In July 2012, law enforcement agents executed a search warrant at Massey's residence. PSR ¶ 4, D.E. 27. There, agents found 14.93 grams of cocaine base, 17 tablets containing 4.11 grams of methamphetamine, digital scales, and $21,710 "bundled in a manner consistent with the proceeds of illegal drug trafficking." *Id.* After his arrest, Massey told agents that some of the money found in his residence came from drug deals and he confessed to selling drugs from 2010 until his arrest. *Id.* at ¶ 6. Massey was charged with possession with intent to distribute a quantity of cocaine base ("Count One") and possession with the intent to distribute a quantity of methamphetamine ("Count Two").

Massey entered a guilty plea to possession with intent to distribute a quantity of cocaine base (crack) in February 2013. Pursuant to the terms of a written plea agreement, the Government agreed to drop the other charge pending against Massey. Mem. of Plea Agrmnt. at ¶ 4(a), D.E. 22. At his arraignment, the court conducted the Rule 11 colloquy and Massey swore that he was not threatened to plead guilty, nor was he pressured to plead guilty. Arraignment Audio Recording, 9:55:19 to 9:55:42 a.m. (Feb. 14, 2013). As a result of his guilty plea, the court entered a judgment on July 10, 2013, requiring Massey to serve a 113-month prison sentence. Massey did not appeal his conviction or sentence.

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of an order and memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

2

On January 7, 2014, Massey filed his Motion to Vacate and the Government responded by filing a Motion to Dismiss. He then filed his Motion to Supplement and Motion to Compel Discovery on September 2, 2014 and March 27, 2015, respectively.

## II.     Motion to Supplement Petition

Massey moves the court to supplement his petition with a letter from Harnett County regarding probation of two prior state convictions. The letter is related to Massey's petition, therefore his motion is granted.

## III.    Motion for Discovery

Massey also moves the court to compel discovery for information related to North Carolina state lab misconduct. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, if a party "provide[s] reasons for the request," Rules Governing § 2255 Cases, Rule 6(b), "[a] judge may, for good cause, authorize [the] party to conduct discovery," *id.*, Rule 6(a). Good cause exists when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief." *Bracy*, 520 U.S. at 908–09 (internal quotations omitted) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009). Massey does provide a reason for his request, but does not make specific allegations that demonstrate that he is entitled to habeas corpus relief. Therefore, his Motion for Discovery is denied.

## IV. Motion to Vacate

### A. Legal Standard

In order to prevail on his Motion to Vacate, Massey must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the Court was without jurisdiction to impose such sentence, or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion. 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a Section 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to Section 2255 motions. Rules Governing § 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

In order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider

4

documents that are part of the public record, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a Section 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Iqbal*, 556 U.S. at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

### B. Standard for a Claim of Ineffective Assistance of Counsel

Massey claims that his sentence was imposed in violation of the Constitution because his appointed counsel's performance was so inadequate that it violated his right to counsel under the Sixth Amendment to the Constitution. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the assistance of counsel for his defense." U.S. Const. amend VI. A defendant's right to assistance of counsel may be violated if his attorney fails to provide adequate legal assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right applies at all stages of a criminal proceeding, including sentencing. *Mempa v. Rhay*, 389 U.S. 128, 134 (1967); *United States v. Burkley*, 511 F.2d 47, 51 (4th Cir. 1975).

5

In order to succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's representation was deficient and that deficiency prejudiced him. *Strickland*, 466 U.S. at 688–89. Deficient representation occurs when "counsel's representation [falls] below an objective standard of reasonableness." *Id.* at 688. Courts are "highly deferential" in their scrutiny and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

When the ineffective assistance of counsel claim is associated with a guilty plea, the petitioner establishes prejudice by "show[ing] that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This requires the petitioner to "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). If counsel's alleged error "is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the [petitioner] by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill*, 474 U.S. at 59. Similarly, if a petitioner alleges ineffective assistance for failing to advise of an affirmative defense, the prejudice inquiry depends largely on whether the affirmative defense "likely would have succeeded at trial." *Id.* The petitioner bears the burden of proof on both prongs of the *Strickland* test. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010).

Massey asserts that his counsel violated his Sixth Amendment rights in three specific ways: (1) counsel failed to investigate his background and prior offenses; (2) counsel failed to inform him of the affirmative defense of simple possession; and (3) counsel induced him to plead

6

guilty by giving him erroneous advice regarding Section 851 enhancements. The Government seeks dismissal of Massey's Motion because he fails to state a claim upon which relief may be granted. The court will address each argument below.

### C. Claims Based Upon the Defense of Simple Possession

Massey's first two claims both relate to his assertion that if this matter were to have proceeded to trial, he would have been able to successfully pursue the "affirmative defense" of simple possession. While simple possession is not, strictly speaking, an affirmative defense to the crime of possession with the intent to distribute, under certain, limited circumstances a defendant may be entitled to an instruction to the jury that they may find the defendant guilty of the lesser-included offense of simple possession if the government is unable to prove that the defendant intended to distribute a controlled substance. *See United States v. Wright*, 131 F.3d 1111, 1112 (4th Cir. 1997) ("A defendant is not entitled to a lesser-included offense instruction as a matter of course.").

In order to be entitled to a lesser-included offense instruction at trial, "the proof of the element that differentiates the two offenses must be sufficiently in dispute that the jury could rationally find the defendant guilty of the lesser offense but not guilty of the greater offense." *Id.* (quoting *United States v. Walker*, 75 F.3d 178, 179 (4th Cir. 1996)). An element is substantially in dispute if the defendant shows "[e]ither 'the testimony on the distinguishing element [is] sharply conflicting, or the conclusion as to the lesser offense [is] fairly inferable from the evidence presented.'" *Id.* (quoting *United States v. Walker*, 75 F.3d 178, 179 (4th Cir. 1996)).

Here, Massey believes that he would have been entitled to argue that he did not intend to distribute the crack found at his residence, but, instead, that he was addicted to crack and possessed the drugs for his own personal use. He maintains that his counsel failed to conduct

7

adequate factual research into his personal and criminal histories to alert her to the potential to argue that he was guilty of nothing more than simple possession; did not conduct the necessary legal research to learn about the potential for a simple possession defense; and, therefore, did not advise him of the potential of pursuing a lesser-included offense instruction at trial. However, Massey's arguments are not viable in light of the fact that the search of Massey's residence revealed items consistent with the distribution of crack and, more importantly, Massey confessed to selling drugs from the time he was released from prison in 2010 until his arrest in 2012.

### 1. Failure to Investigate Background and Prior Offenses

Massey argues that his counsel was ineffective because she failed to investigate his background and prior offenses. He alleges that if counsel had done such an investigation, she would have found a history of drug abuse and would have informed him of the affirmative defense of simple possession. The Government does not directly address this argument.[2] The court concludes that counsel's decision not to investigate Massey's background and prior offenses did not prejudice Massey.

Under the Sixth Amendment, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Courts "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. "[W]hen assessing the constitutional adequacy of counsel's investigation, [courts] must inquire whether counsel's decision was 'reasonable[]in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Hill v. French*, 133 F.3d 915, 1997 WL 787126, at *3 (4th Cir. Dec. 24,

---

[2] The government erroneously construes this argument as counsel's failure to challenge Massey's prior North Carolina convictions. Mem. in Supp. of Mot. to Dismiss at 3, D.E. 43; Pet.'s Resp. in Opp'n at 2, D.E. 47 (stating that petitioner's "first claim for relief was never about challenging his … North Carolina convictions … [it was] based on counsel [sic] failure to investigate.").

8

1997) (quoting *Strickland*, 466 U.S. at 691) (alteration in original). The reasonableness of counsel's decision may be determined by "[t]he defendant's own statements." *Id.*; *see also Strickland*, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions.").

Even if the court were to assume that his counsel's actions fell below an objective standard of reasonableness, Massey cannot succeed on his ineffective assistance claim because he was not prejudiced by this omission. A failure to investigate or discover potentially exculpatory evidence is prejudicial if the "discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill*, 474 U.S. 52, 59 (1985). "This assessment … depend[s] in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.* Even if counsel discovered more evidence of Massey's addiction, that evidence would have been outweighed by the Government's evidence against Massey. During the execution of the search warrant at Massey's home, law enforcement agents found 14.93 grams of cocaine, digital scales, and money "bundled in a manner consistent with the proceeds of illegal drug trafficking." PSR ¶¶ 3, 4, D.E. 27. As discussed below, this evidence would have been sufficient to deny Massey a jury instruction on the lesser-included offense of simple possession. Furthermore, Massey confessed prior to being indicted on federal charges to selling drugs from 2010 until his arrest in 2012. *Id.* at ¶ 6. Given the extent of the Government's evidence against Massey, it is highly unlikely that additional evidence regarding his history of drug abuse would have led counsel to change her recommendation as to the plea. Therefore, Massey's claim for ineffective assistance on the grounds of counsel's failure to investigate should be dismissed.

9

## 2. Failure to Inform of Affirmative Defense

Massey next contends that counsel was ineffective because she failed to inform him of the affirmative defense of simple possession. He asserts that if he had known of the affirmative defense, he would have gone to trial. The Government argues that Massey procedurally defaulted on this claim because he did not bring it on direct appeal.[3] The court finds that Massey did not procedurally default on this ground for relief. *See Massaro v. United States*, 538 U.S. 500, 508 (2003) ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."). Nevertheless, Massey fails to state a claim upon which relief can be granted because counsel's actions were reasonable and not prejudicial.

Counsel's failure to inform Massey of the affirmative defense of simple possession was a strategic decision that is entitled to deference. Massey argues that the amount he was caught with was low enough to justify simple possession and that there was evidence of his drug addiction. However, Massey is simply wrong in his assertion that 14.93 grams of crack is a "small amount." *See United States v. Wright*, 131 F.3d 1111, 1113 (4th Cir. 1997) (stating that 3.25 grams of crack cocaine is "a large amount").

There is also no guarantee that Massey would have been entitled to a lesser-included offense instruction. When there is evidence of intent to distribute, possession of a "small" amount of crack, by itself, is not enough to obtain an instruction for simple possession. *See id.* (holding that possession alone is not enough to obtain a simple possession instruction when the

---

[3] The Government then goes on to construe Massey's second ground for relief as asserting that counsel failed to argue an affirmative defense. Mem. in Supp. of Mot. to Dismiss at 8, D.E. 43 (asserting that petitioner's argument is that counsel failed to argue an affirmative defense). However, Massey said that he was not pursuing such an argument. Pet.'s Resp. in Opp'n at 3, D.E. 47 (stating that counsel's failure to argue an affirmative defense "is not the claim that Petitioner is raising").

Case 5:12-cr-00349-FL   Document 63   Filed 11/10/15   Page 10 of 16

defendant was found in possession of crack in an area where drug dealing was common, a razor blade coated with cocaine residue, and a large quantity of cash); *United States v. Davis*, 383 F. App'x 269, 276 (4th Cir. 2010) (holding that "the evidence simply did not provide a fair inference of simple possession" when police found the defendant "with guns, a scale, plastic baggies, cocaine, and cash").

Pursuing an instruction on simple possession would have placed Massey in an all-or-nothing scenario where he was facing, if convicted, either up to one year of custody for simple possession or, potentially, up to 30 years of custody for possession with intent to distribute. Given the limited chance of success and the severe penalties facing Massey if his preferred strategy was unsuccessful, counsel's decision not to inform him of the "affirmative defense" of simple possession was a strategic decision that "falls within the wide range of professional assistance." *See Strickland*, 466 U.S. at 689. *Washington v. United States*, 291 F. Supp. 2d 418, 442 (W.D. Va. 2003) ("In this case, possession was all but conceded, so Young could have opted for an all-or-nothing approach with the jury solely on the intent to distribute issue. The court believes that counsel's choice to forego a lesser-included instruction in this case was a strategic decision to which the court accords considerable deference.").

Moreover, Massey cannot establish that he was prejudiced due to his counsel's actions because he cannot show that it would have been rational under the circumstances for him to plead not guilty and take his chances at trial. Although Massey claims that he would have gone to trial had he known about the potential for a simple possession instruction, a petitioner's "subjective preferences … are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all the facts." *United States v. Dyess*, 730 F.3d 354, 361–62 (4th Cir. 2013).

11

Given the substantial evidence against Massey and penalties he was facing if convicted, the court cannot find that proceeding to trial would have been a rational decision. The difference between simple possession and the crime with which Massey was charged—possession with intent to distribute a quantity of cocaine base—is the element of intent. Intent to distribute can be inferred by possession of a scale, *United States v. Madina*, 474 F. App'x 919, 921 (4th Cir. 2012), and by possession of "approximately thirteen grams of crack," *United States v. Lamarr*, 75 F.3d 964, 973 (4th Cir. 1996); *see also United States v. King*, 155 F.3d 562, 1998 WL 390961, at *12 (4th Cir. June 22, 1998) (per curiam) (holding that an intent to distribute can be supported by possession of a large quantity of drugs, the discovery of scales and packaging material at defendant's residence, and a lack of drug paraphernalia in defendant's home). Here, law enforcement found 14.93 grams of crack in Massey's home, digital scales, and money "bundled in a manner consistent with the proceeds of illegal drug trafficking" in Massey's home. PSR ¶ 4, D.E. 27. Massey also confessed to selling drugs from the time he was released from prison in 2010 until his arrest in 2012. *Id.* ¶ 6. In light of this evidence, there was a substantial chance that Massey would have been convicted all counts in the Indictment if he procced to trial..

Furthermore, by pleading guilty, Massey was sentenced under much more favorable conditions than he would have faced if he was convicted at trial. Under the terms of his plea agreement, the Government agreed to dismiss Count 2 and seek a downward departure from the advisory guidelines. Mem. of Plea Agrmnt. at ¶¶ 4(a), 5(a), D.E. 22. Without the plea agreement, Massey would have faced additional custody, supervised release, and fines. Indeed, the court sentenced Massey to 113 months of imprisonment (D.E. 30)—a sentence that is substantially below the non-enhanced statutory maximum of 20 years of imprisonment imposed by Congress,

21 U.S.C. § 841(b)(1)(C), and the enhanced 30 year maximum he could have received if the Government proceeded under Section 851. In light of his inability to demonstrate that it would have been reasonable to proceed to trial under the circumstances facing him, Massey cannot establish that he was prejudiced by his counsel's actions and his claim of ineffective assistance of counsel should be dismissed. *See United States v. Barnes*, No. 3:10-cr-00032-1, 2015 U.S. Dist. LEXIS 47990, at *19–20 (W.D. Va. Apr. 13, 2015).

### D. Advice of Counsel Regarding Section 851 Enhancements

Massey appears to make two arguments about counsel's advice regarding Section 851 enhancements: (1) that counsel's advice was wrong; and (2) that counsel put improper pressure on him by discussing the potential for a Section 851 enhancement. The Government, relying on the Rule 11 colloquy, argues that Massey's guilty plea was voluntary. After review, the court determines that (1) counsel's advice was reasonable and did not prejudice Massey and (2) counsel did not improperly pressure Massey by advising him of the possibility of a Section 851 enhancement.

The Government has the option to pursue Section 851 enhancements when a defendant has one or more prior felony drug convictions and is charged with possession with intent to distribute a controlled substance. 21 U.S.C. §§ 841(b)(1)(C), 851. The applicable convictions must not have "occurred more than five years before" the Government files the Section 851 notice. *Id.* § 851(e). If the defendant has one prior felony drug conviction, the Section 851 enhancement increases the statutory maximum sentence from 20 years of imprisonment to 30 years of imprisonment. *Id.* § 841(b)(1)(C).

Massey's counsel did not err when she informed him that he could be subjected to a sentencing enhancement under Section 851. Massey has one prior felony drug conviction. PSR ¶

13

27, D.E. 27. That prior conviction is well within Section 851's five-year statute of limitations as it occurred on March 21, 2012, *id.*, and Massey was indicted and sentenced with the instant offense on October 24, 2012 and July 10, 2013, respectively. D.E. 1, 30. Although the Government can choose not to pursue a Section 851 enhancement, counsel's advice to plead guilty was nonetheless reasonable given Massey's criminal history. Moreover, for the same reasons discussed in the previous section, Massey cannot establish that he was prejudiced because it would not have been reasonable for him to proceed to trial. Therefore, his claim of ineffective assistance of counsel regarding the Section 851 claim should be dismissed.

To the extent that Massey is arguing that his guilty plea was involuntary, he is bound by the sworn statements he gave to the court at his arraignment. *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established …."). At Massey's arraignment, United States Magistrate Judge Jones conducted a standard Rule 11 colloquy where he inquired into the voluntariness of Massey's guilty plea. Massey stated, under oath, that no one threatened him or persuaded him to plead guilty and that no one made a promise to him other than what was contained in the Plea Agreement to induce him to plead guilty. Arraignment Audio Recording, 9:55:19 to 9:55:42 a.m. (Feb. 14, 2013). Massey then acknowledged the facts charged in Count 1 and admitted his guilt. *Id.* at 9:56:33 to 9:57:05 a.m. Judge Jones determined that Massey entered into the guilty plea voluntarily and accepted the plea. *Id.* at 9:59:49 to 10:00:04 a.m. Therefore, the court accepts the truth of Massey's sworn statements and determines that his Motion to Vacate on grounds of erroneous advice regarding Section 851 enhancements should be dismissed.

### V. Conclusion

For the foregoing reasons, the undersigned grants Massey's Motion to Supplement (D.E. 53) and denies his Motion to Compel Discovery (D.E. 54). Furthermore, the undersigned recommends that the court deny Massey's Motion to Vacate (D.E. 34) and grant the Government's Motion to Dismiss (D.E. 42).

The court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the**

**Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Dated: Pqxgo dgt"32."4237

_____
Robert T. Numbers II
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE